28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marshall JACKSON, Plaintiff/Appellant,
v.
Dean NEITZKE, Carol S. Dawson, John T. Nonweiler, et al.,
Defendants/Appellees.
 No. 93-1643.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1994.*
Decided May 6, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Marshall Jackson appeals the district court's grant of summary judgment in favor of the defendants in his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Jackson also asserts that the district court erred by failing to rule on his "objections" to the defendants' discovery answers. We affirm.
 
 
 2
 Reviewing the record de novo, we agree with the district court that the defendants are entitled to judgment as a matter of law. Although there was delay in Jackson's receipt of dental treatment in April of 1990 and in December of 1991,[1] the record does not support an assertion that the prison officials or dental care providers were deliberately indifferent to his medical needs or deliberately delayed his access to medical attention. See Duane v. Lane, 959 F.2d 673, 677 (7th Cir.1992). The delay was caused by the lack of officers available to transport him to the Dental Clinic. There is no evidence that Jackson was denied treatment when he visited the Dental Clinic or that the medical care provided did not meet minimal standards of decency.[2] Holmes, 930 F.2d at 1200. A prisoner does not have a right to choose his treatment and his disagreement with treatment options offered does not establish that medical care was inadequate or that those treating him acted with deliberate indifference. Meriwether v. Faulkner, 821 F.2d 408, 413 (7th Cir.), cert. denied, 484 U.S. 935 (1987).
 
 
 3
 Jackson next argues that the district court's grant of summary judgment was erroneous because the court did not rule on his "objections" to the defendants' answers to interrogatories. Discovery matters rest within the discretion of the trial court and we will overturn a ruling only if the court abused its discretion. Jurcev v. Central Community Hosp., 7 F.3d 618, 627 (7th Cir.1993); Olive Can Co. v. Martin, 906 F.2d 1147, 1152 (7th Cir.1990). Jackson apparently disagrees with some of the defendants' answers, and claims that they were "incomplete, inadequate, evasive [or] perjured." Rec. at 50, 59.
 
 
 4
 Under Federal Rule of Civil Procedure 37(a), if discovery responses are made but are inadequate, the party seeking discovery must apply to the court for an order to compel discovery. Fed.R.Civ.P. 37(a); see Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co., 667 F.2d 600, 603 (7th Cir.1981). Jackson's objections do not constitute a motion to compel discovery before the district court. Reinders Bros v. Rain Bird Eastern Sales Corp., 627 F.2d 44, 51 (7th Cir.1980) (discovery disputes must be presented to the court by motion). Even if the district court had viewed these objections as a motion to compel discovery, it did not abuse its discretion in relying on the defendants' answers to interrogatories because Jackson has not shown that the defendants' answers were incomplete, inadequate, evasive or perjured.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The record reveals that the delays in Jackson's treatment, roughly 18 days in 1990 and eight days in 1991, were a result of the unavailability of security personnel and Jackson's required attendance at a court date
 
 
 [2]
 Jackson complains that the Indiana State Farm officials did not comply with emergency dental procedures in place at the time of his dental problems. The violation of a state statute does not infringe the federal Constitution. Colon v. Schneider, 899 F.2d 660, 672 (7th Cir.1990)